UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

F I L E D

MAR 2 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 07 CR 50001-1 |
| v. | ) | |
| | ) | |
| JACOB A. FRUIT | ) | HONORABLE JAMES B. ZAGEL |
| | ) | |

08 C 5 0 0 4 9

MOTION UNDER 28 U.S.C 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

NOW COMES Defendant Jacob A. Fruit (Fruit) as Pro Se and states to the court the following:

On January 5, 2007 Fruit was arrested and charged with bank Robbery. On a date unknown in September 2007 Fruit plead guilty to 1 count of Bank Robbery 18:2113 by way of signing a plea agreement.
On December 5, 2007 Fruit was sentenced to 78 months incarceration.

Based on the following facts Fruits Constitutional Rights were violated and thus states the following reasons as grounds for his appeal to the court:

1. Upon his arrest Fruit was questioned by the State of Illinois police, County police and Federal Bureau of Investigation. During this time he requested an attorney present and none were provided until his arraignment. At this time Fruit first met his attorney who was appointed, a Mr. Paul Flynn.

2. During the course of his pre trial Fruit seen his attorney present at two status hearings only.

3. The day prior to signing his plea of guilty a Mr. Haneff Omar, an assistant to Mr. Flynn visited Fruit at the county jail and provided him with a plea agreement. He stated to Fruit that he was not aware of the facts of his case so he could not help him at this time. He further stated to Fruit to read the plea and ask him any questions the following day in court. Fruits inability to review the agreement in which he plead guilty to with proper counsel is a direct violation of his constitutional rights. Furthermore Mr. Omar stated to Fruit that this was the best plea available. Not knowing anything of his case and stated this fact is contradictory to what he stated.

4. Based on the Discovery provided to Fruit it showed it was divided into two separate sections Part 1 and Part 2. Fruit was only provided Part 2 and has yet to review his Part 1 of the discovery. At no time did counsel review this discovery with him or discuss its contents.

5. At the Pre Sentence Investigation meeting Mr. omar attended this with Fruit and the Investigator but stated that he again could not be of assistance due to his lack of knowledge pertaining to his case.

6. Upon making numerous phone calls to no avail, sending numerous letters of correspondence with no return reply to Mr. Flynn, Fruit attempted to contact the Pre Sentence Investigator who offered assistance if needed. This attempt was futile as no reply came back except from a Mr. Brad Stalling who claimed to be an investigator with Mr. Flynns office who warned Fruit not to contact the Pre Sentence Investigator again as this would jeopardize his Acceptance of Responsibility. At no time did Mr. Flynn reply to the many requests for help.

7. Two days prior to the sentencing date Fruit received his Pre Sentence Investigation Report. This report was not accurate in many areas and Fruit disputed many of the notations made. At no time did any attorney review this report with Fruit.

8. During the day of sentencing Mr. Omar was present again and met with Fruit immediately prior to entering the courtroom in which he stated that he was

apologetic for not being able to assist him, in not being able to answer any questions regarding his PSI, and not having knowledge of his case. Mr. Omar informed Fruit that Judge Zagel is usually an "Ok" judge, that he Would receive the low end of his sentence which turned out to be the complete opposite, and told there was nothing left for him to do but go forward in being sentenced.

9. Although sentencing guidelines are now advisory, the guidelines suggested a sentence between 63 and 78 months. Fruit was sentenced to 78 months and feels this was due to the lack of evidence showing the court reasons why he should have been sentenced lower.

10. Fruit was never supplied with a Sentencing Memorandum and to this day does not know if one was ever created or filed on his behalf.

11. The Co-Defendant openly admitted to lying on his original Proffer which clearly shows a lack of credibility. This was never brought to the courts attention due to the ineffectiveness of counsel.

12. No downward departures were filed by counsel and upon review there is clear evidence that such should have been done. Movant hereby agrees to file such at the request of the court.

Based on the above arguing factors Fruit asks this court for the following:

1. That the conviction be Vacated.

2. That Fruit be appointed new counsel under 18 USC 3006A.

2. The government provide full discovery.

4. That the court notify the FBOP and remand Fruit to remain at the Metropolitan Correctional Center in Chicago on his pre trial unit seventeen for legal class reasons, and because of the close approximation to the courts, because there is a federal law library that is being used currently to file

this motion. Fruit further states that legal counsel would have access to him, and he would be able to continue with his legal research classes.

5. It is requested that the court allow Fruit to file Motions for Downward departures that should have been filed and considered in the last sentencing.

6. That the court allow Fruit the time and ability to determine if a Motion to Withdraw his original plea should or needs to be filed.

7. That the court allow Fruit the time and ability to file the proper motions arguing any and all discrepencies that were in the Pre Sentence Investigation report.

8. That the court allow Fruit the time and ability to file a Sentencing Memorandum if the court allows original motion to vacate.

Based on the above stated facts and grounds for this motion the movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Jacob Fruit, Movant


I declare under the penalty of perjury that the foregoing is true and correct.

Executed on 3-11-08

_____
Jacob Fruit, Movant

JACOB FRUITT 12262-424
Metropolitan Correctional Center
71 W Van Buren Street
Chicago, IL 60605

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
2nd Floor
211 South Court Street
Rockford, Illinois 61101

